JOURNAL ENTRY AND OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 11.1, the trial court records, and briefs of counsel.
 {¶ 2} Defendant-appellant, Pragotrade, U.S.A., Inc. (Pragotrade), appeals the trial court's ruling on plaintiff-appellee, Nationwide Mutual Ins. Co.'s (Nationwide), motion for summary judgment. After reviewing the parties' arguments and pertinent case law, we reverse.
 {¶ 3} On March 20, 2007, Nationwide filed a complaint for declaratory judgment against its insured, Pragotrade, regarding its rights and responsibilities as it pertained to a related matter; namely, an action filed on September 8, 2005, by Terry and Valerie DuBois (Terry), (Valerie) or collectively (the DuBois) against Pragotrade and Cabela's Catalog, Inc. (Cabela) in Pennsylvania.
 {¶ 4} The DuBois' complaint alleged the following against both Pragotrade and Cabela: strict liability for a defective product, negligence, breach of implied warranty of fitness, breach of implied warranty of merchantability, and loss of consortium. *Page 2 
 {¶ 5} The DuBois' complaint stems from an injury that Terry sustained to his hand and fingers in a meat grinder imported from Italy by Pragotrade and sold to Cabela in the United States. The DuBois subsequently purchased the meat grinder from Cabela.
 {¶ 6} On October 31, 2007, in the case sub judice, Nationwide filed a motion for summary judgment requesting the trial court to declare the rights and responsibilities of the parties; specifically: the DuBois' claims against Pragotrade are excluded under the policy; Nationwide has no duty to indemnify Pragotrade in the DuBois matter for compensatory or punitive damages, whether through settlement or judgment; Nationwide has not waived its right to assert any defenses under the policy; and lastly, Nationwide is entitled to recover the costs of filing the instant action.
 {¶ 7} Nationwide also included the following in its reply brief to Pragotrade's brief in opposition to motion for summary judgment:
 "Erring on the side of caution, Nationwide has not asked the Court to declare that it owes no duty to defend Pragotrade in the Pennsylvania case (in fact, Nationwide has resolved to defend Pragotrade throughout the Pennsylvania case regardless of how this suit is concluded). Rather, Nationwide asks the Court only to read the policy, compare it to the facts plead in the Pennsylvania litigation and determine whether Nationwide will be obligated to indemnify in the event of a verdict or settlement in that litigation." *Page 3 
 {¶ 8} On January 22, 2008, the trial court granted Nationwide's motion for summary judgment and journalized the following:
 "Order and Opinion: Conclusion: Pltf. motion for summary judgment, filed 10-31-07 is granted. Pltf. is not bound to provide a defense to its insured under the policy at issued [sic] because coverage is not in order. It is so ordered. Final [sic] No just cause for delay. Osj."
 {¶ 9} The trial court's attached opinion further states as follows:
 "Plaintiffs motion for summary judgment is granted. The policy language at issue is clear and unambiguous. The policy does not provide coverage for this alleged loss. Therefore, the Plaintiff insurer is not required to indemnify its insured or provide its insured with a defense."
 {¶ 10} Pragotrade appealed and asserted three assignments of error for our review.
ASSIGNMENT OF ERROR NUMBER ONE "The trial court erred in granting plaintiff-appellee's motion for summary judgment.
 A. Summary judgment should not have been granted inasmuch as genuine issues of material fact exist as to defendant-appellant's defense of estoppel as a result of which plaintiff-appellee was not entitled to judgment as a matter of law and should be estopped from enforcing the contract terms with defendant-appellant, Pragotrade U.S.A., Inc.
 B. The trial court did not consider whether a reasonable juror could have concluded that defendant-appellant, *Page 4 Pragotrade, U.S.A., Inc., successfully asserted its affirmative defense of estoppel."
ASSIGNMENT OF ERROR NUMBER TWO "The trial court erred in granting summary judgment to plaintiff-appellee because genuine issues as to material facts exist as to whether defendant-appellant, Pragotrade U.S.A., Inc. agreed to the exclusion of `products-completed operations hazards' coverage in the insurance policy with plaintiff-appellee."
ASSIGNMENT OF ERROR NUMBER THREE "The trial court erred in ruling that plaintiff-appellee had no duty to defend defendant-appellant on the suit brought in Pennsylvania. [sic] when plaintiff-appellee did not seek that relief in its motion for summary judgment."
 {¶ 11} The standard of review for a motion for summary judgment is de novo, therefore:
 "[W]e afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. Under Civ. R. 56, summary judgment is appropriate when: (1) no genuine issues as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion which is adverse to the non-moving party." Ladanyi v. Crookes Hanson, Ltd., Cuyahoga App. No. 87888, 2007-Ohio-540. (Internal citations omitted.)
 {¶ 12} Prior to addressing Pragotrade's assignments of error, however, basic contract principles must first be applied to the case sub judice. *Page 5 
 {¶ 13} Nationwide's initial policy for Pragotrade, effective from August 30, 1999 to August 30, 2000, included "products-completed operations hazard" coverage. "Products-completed operations hazard" coverage is coverage for products liability.
 {¶ 14} However, effective October 13, 1999, Nationwide issued an endorsement that changed Pragotrade's policy, reading in part:
 "THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY. * * * CHANGES Subject to all terms and conditions of the policy, it is understood and agreed that: * * * CLASSIFICATION CODE 45901, PRODUCTS/COMPLETED OPERATIONS IS DELETED."
Thereafter, handwritten, the endorsement reads: "and CAS 3871 is added." Jeff Palese (Palese), President of Pragotrade, is the named insured on the endorsement, doing business as Pragotrade, and Zivsak is the authorized representative on the endorsement as well.
 {¶ 15} The policy in effect on December 7, 2004, when Terry was injured, includes "products-completed operations hazard" coverage within the Commercial General Liability Coverage portion of the policy. However, the policy does not include the "CAS 3871" endorsement allegedly excluding the same.
 {¶ 16} Furthermore, the applicable declarations page includes a list of fifteen additional forms that are incorporated into the Commercial General *Page 6 
Liability Coverage, including "CAS 3871." However, merely listing "CAS 3871" on the declarations page is insufficient notice to Pragotrade that "products-completed operations hazard" coverage is excluded without the actual endorsement attached.
 {¶ 17} By means of affidavit, Palese stated the following: "As one of my duties, I have responsibility for obtaining and verifying liability insurance for the operations of the company." Cheryl Lowery (Lowery), an employee in the Human Resources/Accounting Department at Pragotrade, stated the following in her affidavit: "A portion of my employment responsibilities includes maintaining insurance policy files and dealing with insurance companies relative to assuring appropriate insurance coverage for Pragotrade."
 {¶ 18} We agree with Nationwide that:
 "[A] person has a duty to examine the coverage provided and is charged with knowledge of the contents of [their] own insurance policies. An agent or broker is not liable when a customer's loss is due to the customer's own act or omission." Craggett v. Adell Ins. Agency
(1993), 92 Ohio App.3d 443, 453.
 {¶ 19} However, neither Palese nor Lowery would have had the opportunity to read "CAS 3871" because it was not an endorsement attached to the policy in effect on December 7, 2004. Nor is "CAS 3871" included anywhere else in the record for our review. Nationwide cites to "CAS 3871" in its complaint for declaratory judgment; however, there is no certified copy attached to its *Page 7 
complaint or to its motion for summary judgment. Nationwide provides no explanation as to why "CAS 3871" is omitted from the record or why it is otherwise inconsequential. Thus, we can only surmise that "CAS 3871" is an endorsement that excludes "products-completed operations hazard" coverage.
 {¶ 20} Therefore, although Nationwide issued the endorsement, effective October 13, 1999, that deleted "products-completed operations hazard" coverage, no endorsement indicating the same is attached to the policy in effect when Terry sustained his injury. As such, genuine issues of material fact exist as to whether or not "products-completed operations hazard" coverage was excluded when Terry sustained his injury.
Judgment reversed.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and *Page 8 
KENNETH A. ROCCO, J., CONCUR *Page 1